Hillsborough,
No. 4968.

LAURENCE JOACHIM

*v.*

ANDOVER SILVER COMPANY, INC. d/b/a ASCO LABORATORIES.

Argued November 7, 1961.

Decided January 29, 1962.

20

*Samuel A. Margolis* (by brief and orally), for the plaintiff.

*Sullivan & Gregg* and *Sherman D. Horton* (*Mr. Horton* orally), for the defendant.

DUNCAN, J. From the evidence before the Court it could properly be found that a definite contract for the plaintiff's services was entered into by the parties, and that it was substantially performed by the plaintiff up to the time of termination by the defendant. The plaintiff testified that from February until July 1 the defendant's advertising appeared daily from Monday through Friday upon two of the Mutual network radio programs. Other testimony indi-

cated that it likewise appeared upon other radio programs on Fridays and Saturdays. It could be found that the defendant's advertising likewise appeared upon four of the television programs noted by the brochure, and in addition upon the "American Bandstand" program, concerning which the defendant's president had offered special commendation, as well as on two other programs. The defendant acknowledged receipt of various tapes, records and certifications, of advertising procured; and various television programs were personally viewed by its president.

The plaintiff's specifications showed charges of $10,000 for ten weeks services, and credits totaling $4,000 received of the defendant, plus a credit of $1,000 "voluntary discount by the plaintiff" which the plaintiff testified was given "because, you know, he told me he was in straits, and I says, 'I will . . . make it five thousand even.'"

In making the payments which totaled $4,000, the defendant's president indicated by his letter of May 21, 1959 that the payments were for the period ending May 16, 1959. Since the defendant indicated on cancellation that it would not pay for advertising after June 6, the Trial Court could properly find it obligated to pay for three additional weeks to June 6 at the rate of one thousand dollars a week. Recovery was denied for an additional two weeks' services claimed by the plaintiff after crediting his "voluntary discount." While the Court made no findings or rulings in writing, the verdict is sustainable upon the record, and the motions for nonsuit and directed verdict were properly denied.

In our opinion the defendant's exception to the exclusion of evidence is without merit. The defendant argues that evidence should have been received concerning the expense to the plaintiff of placing the defendant's advertising, in order to show that "the plaintiff had been overpaid on a quantum meruit basis." It is not apparent how charges for advertising time made by the networks concerned and paid by the plaintiff would tend to establish the value of the plaintiff's services in procuring the time under the competitive conditions which could be found to have existed. Furthermore, there is no indication that recovery was allowed by the Court on a quantum meruit basis (*Britton* v. *Turner*, 6 N. H. 481), the contract between the parties being findably a divisible contract at an agreed rate of $1,000 a week. Williston on Contracts (Rev. *ed.*) *ss.* 870, 871, 1028. See 5 Corbin on Contracts, *s.* 1127. *Cf. Lemire* v. *Haley*, 91 N. H. 357.

Since the presumptions are that the findings necessary to support the verdict were made by the Trial Court, and the record discloses no error of law, the order is

*Judgment on the verdict.*

All concurred.